21 F.3d 1120
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Alain BOUCHERIE, Petitioner-Appellant,
v.
Gregory A. LOWE, Commandant, Respondent-Appellee.
 No. 93-3271.
 United States Court of Appeals, Tenth Circuit.
 April 14, 1994.
 
 Before LOGAN, SETH, and BARRETT, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 3
 Appellant Alain Boucherie was court-martialed in 1987 and sentenced to seven years of confinement. In 1990, he was paroled conditioned upon his successful completion of a drug rehabilitation program and his maintaining gainful employment. Because of alleged parole violations, Appellant's parole was modified and later suspended. Appellant subsequently filed a petition for a writ of habeas corpus claiming that (1) he was not provided adequate notice or a hearing in violation of his procedural due process rights, (2) the decision of the Army Board for Clemency and Parole ("Parole Board") to deny him certain "street time" credits was arbitrary and capricious, and (3) the Parole Board's revocation of parole was "undertaken lightly and without regard to fundamental fairness or treatment to factual issue in this case." Petition for a Writ of Habeas Corpus at 7.
 
 
 4
 In response to Appellant's petition, Appellee Gregory Lowe moved for a stay pending the reopening of Appellant's case before the Parole Board. Over Appellant's objection the motion was granted. Thereafter, Appellant received a full hearing on the merits of his case which concluded with the revocation of Appellant's parole. However, the Parole Board granted the disputed "street time" credits to Appellant. Ultimately, the United States District Court for the District of Kansas dissolved the stay and dismissed the lawsuit as moot. This appeal follows, and we affirm.
 
 
 5
 In his brief to this court, Appellant concedes that he obtained some of the relief that he requested in his habeas petition; namely, he was awarded "street time" credits and was secured proper procedural due process by his Parole Board hearing. In liberally construing his brief, see Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir.), we find that Appellant is only challenging the merits of the Parole Board's decision handed down after the full hearing. Consequently, Appellant has waived the third issue presented in his petition that the original decision by the Parole Board in some way violated his Constitutional rights.
 
 
 6
 In its Order dismissing Appellant's action as moot, the district court correctly cited Powell v. McCormack, 395 U.S. 486, 496, for the proposition that "a case is moot when the issues presented are no longer live' or the parties lack a legally cognizable interest in the outcome." The court then concluded that in this case "petitioner has received appropriate relief. The effect of the alleged error[s] has been removed, ... and there is no reasonable expectation" they will recur. Record on Appeal, Vol. I, doc. 19 at 1. After carefully reviewing the record, we concur with the district court. Appellant's claims raised in his petition have been either rectified or abandoned; therefore, there is no remaining case or controversy for the district court to adjudicate.
 
 
 7
 This is not to say that Appellant has lost the right to challenge the merits of the Parole Board's revocation decision. Rather, we only hold that Appellant may not bootstrap his allegations raised in this appeal to his petition which we have determined to be moot. Any judicial review of alleged Constitutional or other violations by the Parole Board in conducting the hearing and revoking parole may be had only upon the filing of a new cause of action by Appellant, provided that it is filed according to the applicable statute of limitations.
 
 
 8
 Accordingly, we grant Appellant the right to proceed in forma pauperis and AFFIRM the judgment of the district court.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470